502

Jayne G. THIBODEAU, et al., Plaintiffs,

v.

FUJISAWA USA, INC., et al., Defendants.

Civ. No. 92–0166–B.

United States District Court,
D. Maine.

Nov. 2, 1993.

Richard W. Mulhern, Kelly Remmel & Zimmerman, Portland, ME, for plaintiffs.

David Ross, Reminger & Reminger, Cleveland, OH, John S. Whitman, Richardson & Troubh, Portland, ME, for defendant Life Technologies.

Peter B. Newton, Neal Gerber & Eisenberg, Chicago, IL, Gregory W. Powell, Friedman & Babcock, Portland, ME, for defendant Fujisawa & Lyphomed.

Christopher D. Nyhan, Preti, Flaherty, Beliveau & Pachios, Portland, ME, for defendant Maine Coast Memorial Hosp.

Christopher C. Taintor, Norman, Hanson & Detroy, Portland, ME, for defendant Robert Beekman.

## ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

Plaintiffs filed a Motion to Amend Complaint pursuant to Fed.R.Civ.P. 15(a) in order to add an alternative liability count, successor liability counts against Lyphomed and Fujisawa, and a negligent failure to warn count against Lyphomed.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so

requires." Fed.R.Civ.P. 15(a). The Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In determining whether a party should be given leave to amend, a court should consider: (1) the hardship to the moving party if leave to amend is denied, (2) the reasons for the moving party's failure to include the proposed material in the original pleading, and (3) the injustice resulting to the party opposing the motion should it be granted. 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1487 (1990).

### I. Alternative Liability Count

■ Plaintiffs assert that both Life Technologies and Lyphomed acted tortiously and, because it is impossible to determine which actor caused the harm, Plaintiffs must be allowed to assert a claim of alternative liability.[1] This Court disagrees.

First, it is unclear whether Plaintiffs will suffer any hardship if this proposed amendment is denied. The Maine Law Court has not yet adopted the doctrine of alternative liability and it is not certain whether, if the doctrine were recognized, it would apply in this case.

Furthermore, Defendants allege that there are additional potential tortfeasors who would have to be brought into the action if Plaintiffs' proposed alternative liability

amendment were allowed. In an alternative liability action, "all possible tortfeasors" must be before the Court. *See* Restatement (Second) of Torts § 433B(3) Comment (h) ("The cases thus far decided in which the rule [of alternative liability] has been applied all have been cases in which all of the actors involved have been joined as defendants."). Adding parties to this action would require Defendants to start virtually anew. On the other hand, allowing this amendment but refusing to allow Defendants to add potential tortfeasors would prejudice Defendants.

Even if Life Technologies and Lyphomed are the only potential tortfeasors involved, this proposed amendment would substantially change the theory of this case and would require Defendants to engage in significant new preparation.

Finally, Plaintiffs' proposed amendments have been raised very late in these proceedings. In an earlier order issued by this Court, the deadline for joinder of additional parties and amendment of pleadings was December 14, 1992. The case is scheduled to go to trial in January 1994. Plaintiffs cannot justify the delay in proposing these amendments. They have been aware for several years that identifying the manufacturer of the vial would be problematic. Plaintiffs were also on notice, due to discovery responses, in November 1992 that Lyphomed purchased all of Life Technologies' vials, labels, and packaging materials and thus could have raised an alternative liability claim at that time.

### II. Successor Liability

■ Plaintiffs also move to amend their complaint to add two counts of "successor liability" against Lyphomed and Fujisawa and argue that both Lyphomed and Fujisawa assumed the liability of corporate predecessor Life Technologies. This Court denies Plaintiffs' Motion to Amend. It is questionable what hardship, if any, would result to Plaintiffs if these amendments are not per-

---

1. The theory of alternative liability is described in the Restatement (Second) of Tort at § 433B(3) (1965) as follows:

    Where the conduct of two or more actors is tortious, and it is proved that harm has been

    caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he had not caused the harm.

mitted. First, it is not clear whether a successor liability claim has any merit.[2] Second, a successor liability claim would be more appropriately brought by a liable predecessor corporation against its successor than by Plaintiffs.

The Court is not persuaded that there is any justification for bringing new legal theories into the case at this late a date.

### III. Lyphomed's Failure to Warn

█ Plaintiffs also move to amend their complaint to add a count claiming that Lyphomed negligently failed to properly label its 23.4% solution. This amendment would not be prejudicial to Defendants, but the amendment is unnecessary and duplicative. In their original complaint, Plaintiffs claimed that "Defendants or their predecessors in interest ... were negligent in ... fail[ing] to adequately identify the Product ... [and] fail[ing] to provide adequate advice, instructions, or warnings."

Plaintiffs' Motion to Amend is *DENIED.*

*SO ORDERED.*

---

**2.** Contrary to Plaintiffs' assertions, under Maine law, a successor corporation generally does not assume the liabilities of its predecessor. *See Director of Bureau of Labor Standards v. Diamond Brands, Inc.*, 588 A.2d 734, 736 (Me.1991) ("[A]bsent a contrary agreement by the parties, or an explicit statutory provision in derogation of the established common law rule, a corporation that purchases the assets of another corporation in a *bona fide* arm's-length transaction is not liable for the debts or liabilities of the transferor corporation."). It is also unclear whether Lyphomed or Fujisawa actually agreed to assume Life Technologies' liabilities to Plaintiffs, if any, despite the general rule of nonliability.